DUNBAR, APPELLEE, *v.* THE STATE OF OHIO, APPELLANT.

[Cite as *Dunbar v. State,* 136 Ohio St.3d 181, 2013-Ohio-2163.]

*Wrongful imprisonment—Compensation—Eligibility—R.C. 2743.48—Claimant who pled guilty to offense for which he was imprisoned is precluded from being declared a "wrongfully imprisoned individual" even if the guilty plea was vacated on appeal.*

(No. 2012-0565—Submitted February 6, 2013—Decided May 30, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 97364, 2012-Ohio-707.

_____

SYLLABUS OF THE COURT

One who has been convicted of a felony on a plea of guilty that is subsequently vacated on appeal is not eligible to be declared a wrongfully imprisoned individual in order to pursue damages against the state of Ohio in the Court of Claims. (R.C. 2743.48(A)(2), construed.)

_____

LANZINGER, J.

{¶ 1} The issue in this appeal is whether a guilty plea to a felony prevents a claimant from qualifying as a "wrongfully imprisoned individual" for purposes of pursuing damages against the state of Ohio in the Court of Claims when the guilty plea is subsequently vacated on appeal. We hold that it does.

**Case Background**

{¶ 2} The facts in this case are not in dispute. In November 2004, Lang Dunbar struck his live-in fiancée, knocked her to the ground, and twisted her legs. The couple's two children witnessed the incident. Dunbar then instructed his fiancée that she was not to leave the house and not to answer the door. For four

or five days following the incident, Dunbar's fiancée remained inside the house, and a week later, she filed a complaint with the Cleveland Police Department. Dunbar was charged with domestic violence, to which he pled no contest. The Cleveland Municipal Court found him guilty and sentenced him to 180 days.

{¶ 3} In January 2005, Dunbar was indicted on three counts of felony abduction and one count of domestic violence stemming from the same incident. A plea agreement was reached in which Dunbar would plead guilty to one count of abduction in exchange for a recommended sentence of community control, but the trial court sentenced him instead to two years in prison. Dunbar appealed, and the Eighth District Court of Appeals reversed. *State v. Dunbar*, 8th Dist. No. 87317, 2007-Ohio-3261 ("*Dunbar I*"). The court of appeals concluded that the trial court erred by failing to advise Dunbar of the possibility of deviation from the recommended sentence of community control and by not giving him the opportunity to withdraw his guilty plea when the trial court decided to impose a prison sentence. *Id*. at ¶ 141. Upon remand, the court of appeals instructed the trial court to vacate Dunbar's plea. *Id.* at ¶ 193.

{¶ 4} On remand, the case went to trial. A jury convicted Dunbar of one count of abduction, and he was sentenced to a five-year prison term. Once again, the Eighth District reversed the conviction. *State v. Dunbar*, 8th Dist. No. 92262, 2010-Ohio-239 ("*Dunbar II*"). The court of appeals concluded that there was no evidence that Dunbar restrained his fiancée's liberty by force or threat of force in the days after the domestic-violence incident. *Id*. at ¶ 24. Dunbar's conviction and sentence were vacated, and he was ordered discharged.

{¶ 5} On August 16, 2010, Dunbar filed a complaint in the Cuyahoga County Court of Common Pleas requesting that he be declared a wrongfully imprisoned person, a declaration required by statute before damages may be sought against the state in the Court of Claims. R.C. 2743.48(B)(2) and (E). Dunbar and the state filed motions for summary judgment, but neither filed any

evidence in support, requesting instead that the trial court take judicial notice of the earlier proceedings.

{¶ 6} The trial court found that Dunbar's earlier guilty plea, vacated on appeal in *Dunbar I*, did not bar proceedings under R.C. 2743.48. Dunbar's motion for summary judgment was granted, and he was declared a wrongfully imprisoned individual. The state appealed.

{¶ 7} In affirming the trial court's finding that Dunbar's prior guilty plea did not disqualify him from recovery under R.C. 2743.48, the Eighth District Court of Appeals relied on a case from the Fourth District, which stated:

"R.C. 2743.48 is ambiguous to the extent that it does not explicitly state whether only valid guilty pleas will preclude recovery, or whether guilty pleas that are void will also preclude recovery. R.C. 2743.48's purpose of redressing existing wrongs would not be served by withholding relief from individuals who were wrongfully induced to enter a guilty plea. The narrowest interpretation of R.C. 2743.48, which would preclude recovery even if the guilty plea is nugatory and has no effect at law, would thwart the remedial goals of the statute. On the other hand, interpreting R.C. 2743.48 liberally would result in assuring that a plea that has been determined to have no legal effect does not, in fact, have any legal effect upon either the criminal or civil matters associated with the case. This would further the remedial goals of the statute by addressing the particularly egregious wrong of imprisoning an individual not only wrongfully, but also unconstitutionally."

*Dunbar v. State*, 8th Dist. No. 97364, 2012-Ohio-707, ¶ 15 ("*Dunbar III*"), quoting *State v. Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452, ¶ 23 (4th Dist.).  The Eighth District reasoned, "Because a void guilty plea has no effect at law, it does not exist for purposes of determining whether a person has the right to seek compensation under R.C. 2743.48." *Id.* at ¶ 16.  The appellate court then concluded that because Dunbar's plea was not entered knowingly, voluntarily, and intelligently, it was void and did not preclude a declaration that Dunbar was a wrongfully imprisoned person.  *Id.* at ¶ 17.

{¶ 8}  The state filed a discretionary appeal with this court, and we accepted the state's first proposition of law: "R.C. 2743.48(A)(2) bars an action for wrongful imprisonment when the claimant pleads guilty, including in cases where the claimant's conviction was vacated on appeal." *Dunbar v. State*, 132 Ohio St.3d 1461, 2012-Ohio-3054, 969 N.E.2d 1230.

**Analysis**

{¶ 9}  This court recently summarized Ohio's wrongful-imprisonment statute in *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229:

> The General Assembly has developed a two-step process to compensate those who have been wrongfully imprisoned.  The first step is an action in the common pleas court seeking a preliminary factual determination of wrongful imprisonment; the second step is an action in the Court of Claims to recover money damages.  *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, paragraph two of the syllabus.  The wrongful-imprisonment statute, R.C. 2743.48, was added to the Revised Code in 1986 by Sub.H.B. No. 609 "to authorize civil actions against the state, for specified monetary amounts, in the Court of Claims by certain wrongfully imprisoned individuals." 141 Ohio

4

Laws, Part III, 5351. The statute was designed to replace the former practice of compensating those wrongfully imprisoned by ad hoc moral-claims legislation. *Walden v. State*, 47 Ohio St.3d 47, 49, 547 N.E.2d 962 (1989). Under the statutory scheme, a claimant must be determined to be a "wrongfully imprisoned individual" by the court of common pleas before being permitted to file for compensation against the state of Ohio in the Court of Claims. R.C. 2305.02 and 2743.48(B)(2); *Griffith v. Cleveland*, paragraph two of the syllabus.

*Id*. at ¶ 10. When the General Assembly enacted the current statutory scheme, it "intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability." *Walden* at 52.

{¶ 10} R.C. 2743.48 provides:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, *but did not plead guilty to*, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

(Emphasis added.)

{¶ 11} Thus, a claimant in a civil case for wrongful imprisonment must satisfy all five factors by a preponderance of the evidence before he or she can be declared a "wrongfully imprisoned individual." *Doss,* 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, at paragraph one of the syllabus. In this case, the disputed issue is whether R.C. 2743.48(A)(2), relating to the nonexistence of a guilty plea, has been satisfied.

{¶ 12} The state argues that the plain text of R.C. 2743.48(A)(2) demands a reversal in this case because Dunbar at one time had pled guilty to the abduction offense. And to be eligible for compensation, Dunbar would need a judicially

crafted exception to the portion of the statute that disqualifies claimants who have pled guilty, allowing recovery when guilty pleas are vacated. Such an exception would swallow the rule, the state maintains, because all claimants must show that their convictions were vacated, dismissed, or reversed on appeal under R.C. 2743.48(A)(4), and the vacation of the conviction would include the guilty plea as well. The requirement that a claimant "did not plead guilty" would have no meaning according to Dunbar's reading.

{¶ 13} Dunbar argues that the state's reading of R.C. 2743.48 is counter to the clear intent of the statute. He contends that R.C. 2743.48 is remedial in nature, enacted to right the state's wrong of incarcerating innocent individuals and that pursuant to R.C. 1.11, the statute should be liberally construed. Dunbar asserts that his initial guilty plea was void and therefore had no legal consequence. He also reasons that R.C. 2743.48(A)(2) is ambiguous because it does not address the effect of a void or vacated guilty plea on a subsequent conviction. He maintains that his later plea of not guilty, the trial, and the resultant conviction satisfy the requirements of R.C. 2743.48.

{¶ 14} As a preliminary matter, we must address the contention that Dunbar's guilty plea is void and therefore has no legal consequence. The Eighth District stated, "Without knowledge that the court might impose a prison sentence, Dunbar's plea was not entered knowingly, voluntarily, and intelligently, was void, and therefore, does not preclude his wrongful imprisonment claim." *Dunbar III*, 2012-Ohio-707, at ¶ 17.

{¶ 15} Notwithstanding this court's recent exception for sentencing errors, especially those involving postrelease control, this court has traditionally held that a judgment is void ab initio only when a court acts without subject-matter jurisdiction. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, syllabus. The basis for vacating Dunbar's plea was the trial court's

failure to advise him that it could deviate from the recommended sentence of community control and impose a prison term. Although the trial court erred in the exercise of its jurisdiction, it did not act without jurisdiction. Therefore, the plea was voidable rather than void, and the fact that the plea was vacated on appeal does not mean it never existed.

{¶ 16} We now turn to Dunbar's argument that R.C. 2743.48 is ambiguous because it does not state specifically whether vacated guilty pleas are to be included in R.C. 2743.48(A)(2)'s disqualification for individuals who pled guilty to the relevant offense. In essence, Dunbar wants us to read ambiguity into the statute based on the facts and circumstances of his case. However, ambiguity in a statute exists only if *its language* is susceptible of more than one reasonable interpretation. *See, e.g., State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513, 668 N.E.2d 498 (1996). Thus, inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other factors identified in R.C. 1.49 is inappropriate absent an initial finding that the language of the statute is, itself, capable of bearing more than one meaning. *See Fairborn v. DeDomenico*, 114 Ohio App.3d 590, 593, 683 N.E.2d 820 (2d Dist.1996).

{¶ 17} Dunbar contends that a vacated guilty plea should not be considered when determining whether a person is a "wrongfully imprisoned individual" because the vacated plea no longer has any legal effect at law. But we must apply the statute as it is written. Here, the statute expressly provides that to demonstrate that he is a "wrongfully imprisoned individual" pursuant to R.C. 2743.48, the claimant must satisfy *each* of the provisions of R.C. 2743.48(A)(1) through (5). *Gover v. State*, 67 Ohio St.3d 93, 95, 616 N.E.2d 207 (1993). This includes the express requirement that the claimant did not plead guilty to the particular offense.

{¶ 18} Although R.C. 2743.48 does not specifically address a vacated guilty plea, we do not agree that this makes the statute ambiguous.

> The Legislature will be presumed to have intended to make no limitations to a statute in which it has included by general language many subjects, persons or entities, without limitation. It is a general rule that courts, in the interpretation of a statute, may not take, strike or read anything out of a statute, or delete, subtract or omit anything therefrom. To the contrary, it is a cardinal rule of statutory construction that significance and effect should if possible be accorded every word, phrase, sentence and part of an act.

*Wachendorf v. Shaver*, 149 Ohio St. 231, 237, 78 N.E.2d 370 (1948).

{¶ 19} Under the plain language of R.C. 2743.48(A)(2), a person who has pled guilty to an offense is not eligible to be declared a wrongfully imprisoned individual. We are to presume that all guilty pleas, even those that are later vacated, are included because the statute itself provides no exception for a person whose guilty plea is vacated on appeal and is otherwise able to satisfy the remaining requirements of R.C. 2743.48(A). The General Assembly has created exceptions for individuals whose guilty pleas have been vacated in other instances. For example, R.C. 2961.02(B) bars individuals who plead guilty to certain disqualifying felony offenses from holding public office; but an exception allows them to hold office if the "plea * * * is reversed, expunged, or annulled" or if they receive a full pardon. R.C. 2961.02(C). No similar exception, however, appears in the wrongful-imprisonment statute. As Dunbar basically acknowledges, we would be required to create one. But this is an exception that belongs within the purview of the General Assembly.

{¶ 20} Dunbar argues that giving legal effect to a vacated guilty plea in this one context would undermine consistency in our jurisprudence and would be

contrary to the intent behind the wrongful-imprisonment statute. Although the vacated guilty plea no longer has any effect in Dunbar's criminal case, the guilty plea nonetheless did occur and was entered on his behalf. The General Assembly created the claim for wrongful imprisonment and placed limitations upon the categories of persons who are eligible for compensation. One limitation is that the claimant cannot have pled guilty to the offense. Unfortunately for Dunbar, the General Assembly did not provide an exception for guilty pleas that are later vacated. We therefore hold that one who has been convicted of a felony on a plea of guilty that is subsequently vacated on appeal is not eligible to be declared a wrongfully imprisoned individual in order to pursue damages against the state of Ohio in the Court of Claims.

**Conclusion**

{¶ 21} Based on the plain language of R.C. 2743.48, a person who pled guilty to an offense is not eligible to be declared a "wrongfully imprisoned individual" for that offense, even if the plea is later vacated on appeal. The judgment of the Eighth District Court of Appeals is reversed, and the cause is remanded to the trial court for the entry of an order of dismissal.

Judgment reversed,

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Friedman & Gilbert and Terry H. Gilbert, for appellee.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, and Peter K. Glenn-Applegate, Deputy Solicitor; and Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.

_____