[Cite as *State v. Wang*, 2016-Ohio-7578.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150487 |
| | | TRIAL NO. B-1400017 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CHARLES WANG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  November 2, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Charles Wang,* pro se.

**MOCK, Judge.**

{¶1}   Defendant-appellant Charles Wang appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion for Resentencing." We dismiss the appeal for lack of jurisdiction.

{¶2}   Wang was convicted in 2014 upon guilty pleas to aggravated trafficking and trafficking. The trial court imposed jointly recommended, consecutive prison terms totaling four and a half years.

{¶3}   Wang took no direct appeal from his convictions. Instead, in July 2015, he filed with the common pleas court his "Motion for Resentencing." He asserted in his motion that the trial court had erred in imposing mandatory prison time and in ordering that his sentences be served consecutively without incorporating into the judgment of conviction the findings mandated by R.C. 2929.14(C)(4). He advances in this appeal a single assignment of error, challenging the court's judgment overruling that motion. We do not reach the merits of this assignment of error, because we have no jurisdiction to review the common pleas court's judgment.

{¶4}   We note at the outset that a jointly recommended sentence is not subject to review on direct appeal if that sentence is authorized by law. R.C. 2953.08(D)(1). R.C. 2925.03(C)(1)(e) required the trial court to impose a prison term for Wang's aggravated-trafficking offense. And R.C. 2929.14(C)(4) did not require the trial court to make findings to support its imposition of jointly recommended, consecutive sentences. *See State v. Sergent*, ___ Ohio St.3d ___, 2016-Ohio-2696, ___ N.E.3d ___, ¶ 22, 43-44. Thus, the challenges to his sentences advanced by Wang in his postconviction motion would not have been reviewable by this court had he presented them in a direct appeal.

{¶5}   Nor did the common pleas court have jurisdiction to entertain those challenges as presented in Wang's postconviction motion. Wang did not specify in

his motion a statute or rule under which the relief sought might have been afforded, leaving the common pleas court free to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus. But the motion was not reviewable by the common pleas court under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, because the motion alleged statutory, rather than constitutional, violations. *See* R.C. 2953.21(A)(1) (requiring a postconviction petitioner to demonstrate a constitutional violation in the proceedings resulting in his conviction); *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 26 (holding that consecutive-sentences findings are not constitutionally mandated). Because Wang's convictions were upon guilty pleas, and his motion did not seek withdrawal of those pleas, the motion was not reviewable under either Crim.R. 33 as a motion for a new trial or Crim.R. 32.1 as a motion to withdraw his pleas. Nor was the motion reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04.

{¶6} Moreover, the common pleas court's judgment overruling Wang's motion is not reviewable by this court under the jurisdiction conferred "by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Article IV, Section 3(B)(2), Ohio Constitution.

{¶7} An appeals court has jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief. But the entry overruling Wang's motion was not appealable under R.C. 2953.23(B), because, as we determined, the

motion was not reviewable by the common pleas court under the postconviction statutes.

{¶8} An appeals court also has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree." A "final order" includes an order that "affects a substantial right" in "an action," when that order either "in effect determines the action and prevents a judgment," R.C. 2505.02(B)(1), or is "made in a special proceeding," that is, in "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). A "final order" also includes an order that "grants or denies a provisional remedy," that is, a remedy in "a proceeding ancillary to an action," when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(A)(3) and (B)(4).

{¶9} Because Wang's motion was not filed in any action, or in any proceeding ancillary to an action, then pending before the common pleas court, the court's entry overruling the motion cannot be said to have effectively determined or prevented a judgment in any proceeding. *See* R.C. 2505.02(B)(1) and (B)(4)(a). Nor was that entry "made" in any "special" statutory proceeding. *See* R.C. 2505.02(B)(2). Accordingly, the common pleas court's entry overruling Wang's motion for resentencing was not reviewable by this court under R.C. 2505.03(A) as a "final order."

{¶10} Finally, a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But, again, R.C. 2925.03(C)(1)(e) mandated a prison term for Wang's

4

aggravated-trafficking offense, and R.C. 2929.14(C)(4) did not require the trial court to make consecutive-sentences findings. *See Sergent*, ____ Ohio St.3d ____, 2016-Ohio-2696, ____ N.E.3d ____, at ¶ 43. Therefore, the alleged sentencing errors cannot be said to have rendered Wang's convictions void. *See Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 14-15 (holding that a guilty plea is voidable, not void, when a trial court has subject-matter jurisdiction, but errs in the exercise of that jurisdiction); *State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act). Accordingly, the matters were not reviewable by the common pleas court, nor are they reviewable by this court, under the jurisdiction to correct a void judgment.

{¶11} We, therefore, hold that we are without jurisdiction to review the common pleas court's entry overruling Wang's "Motion for Resentencing." Accordingly, we dismiss this appeal.

Appeal dismissed.

**FISCHER, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

5