[Cite as *State v. Green*, 2017-Ohio-2800.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-09-187 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 5/15/2017 |
| - vs - | | |
| | : | |
| DANNY M. GREEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-02-0196

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Danny M. Green, #A687591, Chillicothe Correctional Institution, 15802 State Route 104, Chillicothe, Ohio 45601, defendant-appellant, pro se

**M. POWELL, J.**

{¶ 1}   Defendant-appellant, Danny M. Green, appeals a decision of the Butler County Court of Common Pleas denying his motion to withdraw his guilty plea.

{¶ 2}   Appellant was indicted in March 2013 on five counts of rape, one count of gross sexual imposition, and one count of attempted sexual battery.  On April 24, 2013, appellant entered a guilty plea to two amended charges of rape.  During a Crim.R. 11 colloquy, the trial

court misinformed appellant that he was eligible for community control after commencement of his mandatory prison term and for earned credit against his prison term. Following the Crim.R. 11 colloquy, the trial court accepted appellant's guilty plea, and on July 22, 2013, sentenced him to an aggregate nine-year prison term. Appellant did not directly appeal his conviction.

{¶ 3} Nearly a year after he was sentenced, appellant moved to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant argued his plea was invalid because (1) the rape offenses he pled guilty to were not the same offenses charged in the indictment, (2) he was never advised of the nature of the amended charges, (3) the indictment did not support the elements of the amended charges to which he pled guilty, and (4) he entered the plea only after receiving ineffective assistance of counsel. The trial court denied appellant's motion and appellant appealed.

{¶ 4} We affirmed the trial court's decision, stating, "[As] the record demonstrates that he knowingly, voluntarily, and intelligently entered a guilty plea to amended counts one and six of the indictment, we find no error in the trial court's denial of appellant's motion to withdraw his guilty plea." *State v. Green*, 12th Dist. Butler No. CA2014-12-247, 2015-Ohio-2576, ¶ 27.

{¶ 5} In 2016, appellant once again moved to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant argued his plea was void because the trial court failed to comply with Crim.R. 11(C) during the plea hearing when it misinformed appellant regarding his eligibility for community control and earned credit against his prison term. On September 1, 2016, the trial court denied appellant's motion to withdraw his plea on the basis of the law-of-the-case doctrine. Specifically, the trial court found that in light of this court's prior finding that appellant knowingly, voluntarily, and intelligently entered his guilty plea and our upholding of the trial court's denial of appellant's first motion to withdraw his plea, the trial court lacked

jurisdiction to address appellant's second motion to withdraw his guilty plea.

{¶ 6} Appellant now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED WHEN IT FAILED TO ADDRESS THE VOIDNESS ARGUMENT AND DENIED APPELLANT'S MOTION TO WITHDRAW [HIS] GUILTY PLEA.

{¶ 8} Appellant argues that his guilty plea, and therefore his conviction and sentence, are void because the trial court failed to comply with Crim.R. 11(C)(2)(a) during its plea colloquy when it misinformed appellant he could be eligible for earned credit and could receive community control, when, in fact, he was subject to a mandatory prison term. Appellant asserts that because his guilty plea is void, the doctrine of res judicata is not applicable. Appellant further asserts that because he did not directly appeal his conviction and his motions to withdraw his plea raised different issues regarding the validity of his guilty plea, the law-of-the-case doctrine is not applicable.

{¶ 9} Crim.R. 11(C)(2)(a) provides that in felony cases

> The trial court shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

Crim.R. 11(C)(2)(a) thus requires a trial court to ascertain that a defendant understands "the maximum penalty involved" when he enters a guilty plea. *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, ¶ 6. In addition, "when a defendant who is subject to a mandatory prison sentence enters a guilty plea, Crim.R. 11(C)(2)(a) requires the trial court, before accepting the plea, to determine that the defendant understands that the mandatory sentence renders him ineligible for community control." *Id.*

{¶ 10} Appellant is correct that his conviction for rape carried a mandatory prison

- 3 -

sentence under R.C. 2929.13(F)(2) and that he was not eligible for community control, judicial release, or earned credit. *See State v. Silvers*, 181 Ohio App.3d 26, 2009-Ohio-687 (2d Dist.). Appellant is also correct that the trial court failed to comply with Crim.R. 11(C)(2)(a) during its plea colloquy when it misinformed appellant he could be eligible for earned credit and could receive community control. However, contrary to appellant's assertion, the trial court's failure to comply with Crim.R. 11(C)(2)(a) did not result in his guilty plea being void.

{¶ 11} The Ohio Supreme Court has held that a sentence is void when a trial court fails to impose a statutorily mandated term of postrelease control, fails to include a mandatory driver's license suspension in the offender's sentence, and fails to include a mandatory fine in the sentence. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 21. In a recent opinion, the supreme court held that "[n]otwithstanding this court's recent exception for sentencing errors, * * * this court has traditionally held that a judgment is void ab initio only when a court acts without subject-matter jurisdiction." *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, ¶ 15. The supreme court then held that a guilty plea is voidable, and not void, when a trial court has subject-matter jurisdiction but errs in the exercise of that jurisdiction. *Id*. In that case, the appellate court had vacated the defendant's guilty plea because during the plea hearing, the trial court had failed to advise the defendant it could deviate from a recommended sentence of community control and impose a prison term. *Id.*

{¶ 12} Because the error resulted from the trial court's failure to comply with the Crim.R. 11(C)(2)(a) requirements for accepting a plea, rather than as a result of ignoring or failing to comply with a mandatory sentencing statute, we conclude that appellant's guilty plea was merely voidable and not void. *State v. Floyd*, 12th Dist. Warren No. CA2016-09-077, 2017-Ohio-687, ¶ 18; *State v. Gannon*, 4th Dist. Lawrence No. 15CA16, 2016-Ohio-1007, ¶

17. Consequently, the doctrine of res judicata applies. *See Gannon* at ¶ 19.

**{¶ 13}** This court has recognized that res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal or a prior motion to withdraw a guilty plea. *State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575, ¶ 14; *State v. Swinson*, 12th Dist. Clermont No. CA2016-05-024, 2017-Ohio-150, ¶ 12. Thus, res judicata will apply when a defendant raises piecemeal claims in successive Crim.R. 32.1 post-sentence motions to withdraw a guilty plea that could have been raised on direct appeal or in a previous Crim.R. 32.1 motion. *State v. Colvin*, 7th Dist. Mahoning No. 15 MA 0162, 2016-Ohio-5644, ¶ 47; *State v. Hughes*, 8th Dist. Cuyahoga No. 97311, 2012-Ohio-706, ¶ 9.

**{¶ 14}** Appellant did not file a direct appeal of his conviction and sentence. He filed his first Crim.R. 32.1 motion to withdraw his guilty plea in 2014. The trial court denied the motion and we affirmed the denial. Appellant then filed another Crim.R. 32.1 motion to withdraw his plea on the ground the trial court failed to comply with Crim.R. 11(C)(2)(a). Because the trial court's failure to comply with Crim.R. 11 was apparent from the record, appellant could have raised the issue on direct appeal, but did not. Therefore, his arguments are barred by res judicata. *Jordan* at ¶ 14. Likewise, because appellant could have raised the issue relating to the trial court's failure to comply with Crim.R. 11(C)(2)(a) in his first Crim.R. 32.1 motion to withdraw his guilty plea, but did not, his arguments are now barred by res judicata. *State v. Muhumed*, 10th Dist. Mahoning No. 11AP-1001, 2012-Ohio-6155, ¶ 15. Having so found, we decline to address appellant's argument regarding the law-of-the-case doctrine.[1]

---

1. We note that we affirm the trial court's denial of appellant's successive motion to withdraw his plea, but for different reasons than those set forth in the trial court's September 1, 2016 decision and entry. A reviewing court passes only upon the correctness of the judgment, not the reasons therefor. *State v. Horton*, 12th Dist. Clermont No. CA2000-04-024, 2000 Ohio App. LEXIS 6098, *10, fn. 1 (Dec. 26, 2000), citing *Joyce v. General Motors*

{¶ 15} Appellant's assignment of error is overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.

---

*Corp.*, 49 Ohio St.3d 93 (1990).  Thus, an appellate court must affirm a trial court's judgment if upon review any valid grounds are found to support it.  *Horton.*

- 6 -