[Cite as *State v. Lockhart*, 2017-Ohio-5798.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA3732 |
| v. | : | |
| | | DECISION AND |
| MICHAEL L. LOCKHART, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 07/07/2017 |

APPEARANCES:

Michael L. Lockhart, Chillicothe, Ohio, pro se appellant.

Steven H. Eckstein, Washington Court House, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Hoover, J.

{¶1}   Defendant-appellant, Michael L. Lockhart ("Lockhart"), appeals from the judgment of the Scioto County Common Pleas Court that denied his motion for re-sentencing based upon a void judgment. On appeal, Lockhart's appointed counsel has set forth two assignments of error for review. Additionally, Lockhart has filed a pro se brief setting forth additional assignments of error.

{¶2}   First, Lockhart's appointed counsel contends that the trial court rendered a void judgment when it included in Lockhart's sentencing entry that he would be subject to a five-year period of post-release control. Lockhart argues that the imposition of post-release control was improper in this case, and rendered his sentence void, because he was convicted of unclassified felonies and would be subject to parole upon his release from prison, not post-release control.

We disagree. This matter involved first-degree felony rape convictions, and not unclassified felonies such as murder or aggravated murder. Accordingly, post-release control is mandatory under R.C. 2967.28(B); and we overrule Lockhart's first assignment of error.

{¶3}    Next, Lockhart's appointed counsel contends that Lockhart was deprived of his due process rights when the trial court accepted an unknowing, unintelligent, and involuntary guilty plea. This assignment of error clearly relates to the merit of Lockhart's underlying guilty plea and conviction, and should have been raised on direct appeal from that conviction. Because Lockhart failed to raise this issue in a direct appeal, the doctrine of res judicata precludes us from addressing the merits of this assignment of error. Accordingly, Lockhart's second assignment of error is overruled.

{¶4}    In his two additional pro se assignments of error, Lockhart contends that his sentence is void for various reasons. However, Lockhart's pro se assignments of error depend on factual assertions, which, after review of the record, appear to be inaccurate and misleading. Accordingly, the pro se assignments of error are without merit and are overruled.

{¶5}    Consequently, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶6}    In January 2013, the Scioto County Grand Jury indicted Lockhart on eight counts of rape in violation of R.C. 2907.02(A)(1)(b), and six counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). While the indictment listed the rape counts as unclassified felonies, the offense of rape is actually a felony of the first degree. R.C. 2907.02(B). In July 2013, Lockhart pleaded guilty to three counts of rape, Counts 1, 4, and 8, as charged in the indictment. The trial court accepted Lockhart's guilty plea, found him guilty of three counts of rape, and dismissed the remaining charges. The trial court sentenced Lockhart to life

imprisonment with the possibility of parole after 10 years for Count 1, 15 years to life in prison for Count 4, and 15 years to life in prison for Count 8. The trial court, pursuant to an agreed sentence, ordered the sentences to run concurrent to each other. Therefore, the trial court sentenced Lockhart to an aggregate total of 15 years to life in prison. The trial court also classified Lockhart as a Tier III sex offender; and ordered mandatory five years post-release control.

{¶7}    Lockhart did not file a direct appeal; and his motion for leave to file a delayed appeal was denied.

{¶8}    In January 2014, Lockhart filed a petition for post-conviction relief in the trial court. The petition was denied and no appeal was taken. Thereafter, in January 2015, Lockhart filed a motion to withdraw his guilty plea. The motion to withdraw the guilty plea was denied by the trial court, and no appeal was taken.

{¶9}    In October 2015, Lockhart filed his motion for re-sentencing based upon a void judgment. In the motion, Lockhart asserted that there were multiple errors that rendered his sentence void.

{¶10}  In December 2015, the trial court overruled Lockhart's motion for re-sentencing based upon a void judgment. An appeal of this denial was filed and Lockhart was appointed appellate counsel. Appellate counsel filed an *Anders* brief and a motion to withdraw. Lockhart also filed a pro se brief setting forth additional assignments of error. In November 2016, this Court granted the motion to withdraw but having found one potentially arguable issue for appeal, we assigned present counsel to brief the potentially arguable issue as well as any other issues

found in the record. At that time we did not reach the merits of Lockhart's pro se assignments of

error.[1]

{¶11}  Appointed counsel's brief and Lockhart's pro se brief are now appropriately

before the Court.

## II. Assignments of Error

{¶12}  Lockhart's appointed counsel assigns the following errors for our review:

First Assignment of Error:

> DEFENDANT-APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE
> PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED
> STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO
> CONSTITUTION WHEN THE TRIAL COURT EXCEEDED ITS AUTHORITY
> AND IMPOSED POST RELEASE CONTROL FOR AN OFFENSE THAT IS
> AN UNCLASSIFIED FELONY.

Second Assignment of Error:

> DEFENDANT-APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE
> PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED
> STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO
> CONSTITUTION WHEN THE TRIAL COURT ACCEPTED AN
> UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY GUILTY PLEA.

{¶13}  Lockhart adds the following additional pro se assignments of error:

First Pro Se Assignment of Error:

> THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED IT'S
> (sic) DISCRETION, WHEN THE TRIAL COURTFAILED (sic) TO "NOTIFY"
> APPELLANT LOCKHART, WITH RESPECT TO EACH OFFENSE, AS TO
> COUNTS FOUR, AND EIGHT OF THE INDICTMENT, OF THE
> NOTIFICATION AS TO THE MANDATORY (5) YEARS OF POST-RELEASE
> CONTROL, AS STATUTORY REQUIRED BY LAW.

---

[1] This Court recently announced in *State v. Wilson*, 4th Dist. Lawrence No. 16CA12, released June 23, 2017, that we no longer accept *Anders* motions and briefs. *Id*. at ¶¶ 1, 36. However, in the present case we appointed new counsel to re-brief the case in November of 2016, well before we decided *Wilson*.

Second Pro Se Assignment of Error:

> THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED IT'S
> (sic) DISCRETION, WHEN THE TRIAL COURT FAILED TO SET FORTH
> THE VERDICT OR IT'S (sic) FINDINGS AS TO EACH AND EVERY
> CHARGE PRESENTED AGAINST APPELLANT LOCKHART, AS TO
> PROPERLY DISPOSE OF COUNTS THREE, FIVE, SIX, AND SEVEN OF
> THE INDICTMENT, LEAVING THESE COUNTS AMBIGUOUS AND NOT
> INCLUDING THE PROPERLY DISPOSED COUNTS INTO ITS JUDGMENT
> OF ENTRY ENTERED JULY 23RD, 2013 AS STATUTORY REQUIRED BY
> LAW.

### III. Law and Analysis

### A. Appointed Counsel's Assignments of Error

### 1. Imposition of Post-Release Control

{¶14}   In appointed counsel's first assignment of error, Lockhart contends that the trial court erred when imposing post-release control, thus rendering that portion of his sentence void. Specifically, Lockhart argues that he was convicted of unclassified felonies and the post-release control statute does not apply. We disagree. While the indictment and sentencing entry refer to the rape offenses as unclassified felonies, the offense of rape is actually a first-degree felony offense. *See* R.C. 2907.02(B) ("Whoever violates this section is guilty of rape, a felony of the first degree."). Thus, imposition of post-release control was required in this case.

{¶15}   R.C. 2967.28 states, in relevant part, as follows:

> (B) Each sentence to a prison term for a felony of the first degree, for a felony of
>
> the second degree, for a felony sex offense, or for a felony of the third degree that
>
> is an offense of violence and is not a felony sex offense shall include a
>
> requirement that the offender be subject to a period of post-release control

imposed by the parole board after the offender's release from imprisonment. * * *

Unless reduced by the parole board pursuant to division (D) of this section when

authorized under that division, a period of post-release control required by this

division for an offender shall be one of the following periods:

(1) For a felony of the first degree or for a felony sex offense, five years[.]

{¶16}   The Ohio Supreme Court, in interpreting R.C. 2967.28, has indicated that rape

offenders are subject to mandatory post-release control, even if the conviction carries an

indefinite sentence. In *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671,

931 N.E.2d 110, ¶ 14, the Court stated:

> [A]pplying the rules of grammar and common usage to R.C. 2967.28(B)(1), we
>
> find that the statute's plain, unambiguous language expressly requires the
>
> inclusion of a mandatory postrelease-control term of five years for each prison
>
> sentence for felonies of the first degree and felony sex offenses. [The defendant]
>
> was convicted of rape in violation of R.C. 2907.02, which is both a felony of the
>
> first degree and a felony sex offense. R.C. 2907.02(B) and R.C. 2967.28(A)(3).
>
> Therefore, R.C. 2967.28(B) require[s] that a five-year term of postrelease control
>
> be included in his sentence.

{¶17}   The Ohio Supreme Court also noted that "[b]ecause R.C. 2967.28(B)(1) is

phrased in broad, sweeping language," courts "must accord it broad, sweeping application." *Id*.

at ¶ 20. Therefore, "[a]lthough it could be implied from [R.C. 2967.28(F)] that postrelease

control is unnecessary for indefinite or life sentences, there is no specific language in either this

or other provisions that modifies the express language in R.C. 2967.28(B)(1) requiring

postrelease control." *Id*. "That is, R.C. 2967.28(B)(1) is not expressly limited to definite sentences; instead, it applies broadly to '[e]ach sentence to a prison term for a felony of the first degree * * * [or] for a felony sex offense.' " *Id*.

{¶18}   Therefore, given the broad language of R.C. 2967.28 and the precedent established in *Carnail*, we conclude that the trial court did not err by imposing post-release control as part of Lockhart's sentence for his first-degree felony rape convictions. Accordingly, Lockhart's first assignment of error is without merit, and is overruled.

## 2. Validity of Guilty Plea

{¶19}   In appointed counsel's second assignment of error, Lockhart contends that the trial court erred in accepting his guilty plea because it was not knowing, voluntary, and intelligent. In particular, Lockhart argues that the trial court "obscured the relatively straightforward maximum penalties for the crime" by "explaining post release control to him prior to accepting his plea".

{¶20}   First, we note that Lockhart's motion for re-sentencing based upon a void judgment did not raise this issue. It is a well-established rule that " 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' " *State v. Awan,* 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs,* 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. Claims that are not timely raised on appeal are forfeited, absent plain error. *State v. Quarterman,* 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶¶ 15–16.

{¶21}   Moreover, the doctrine of res judicata precludes us from addressing the merits of this assignment of error. " 'Under the doctrine of *res judicata*, a final judgment of conviction

bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that *was raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment.' " (Emphasis sic.) *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *see also State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 28.

{¶22} Here, Lockhart asserts that the trial court failed to comply with the Crim.R. 11(C)(2)(a) requirements for accepting a plea. Such an error would make the plea merely voidable not void. *State v. Gannon*, 4th Dist. Lawrence No. 15CA16, 2016-Ohio-1007, ¶ 17; *see also Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 15 (claim that plea was not entered knowingly, voluntarily, and intelligently constituted an error in the exercise of jurisdiction rather than an action taken without jurisdiction so the plea was voidable rather than void). This distinction is significant, because, "[a]lthough the doctrine of res judicata does not preclude a review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt". *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus

{¶23} Lockhart was represented by counsel during the plea hearing and at sentencing in the underlying criminal case. He did not file a direct appeal from that sentence. He could have raised the issue of the validity of his guilty plea based on the trial court's post-release control notification at the plea hearing during the original trial court proceedings or on appeal; but he did not.

{¶24}  Therefore, "[b]ecause the plea was voidable, the law-of-the-case component of res judicata is applicable". *Gannon* at ¶ 19. Accordingly, we are precluded from addressing the merits of this argument and Lockhart's second assignment of error is overruled.

### B. Lockhart's Pro Se Assignments of Error

### 1. Group Sentencing; Notification of Post-Release Control

{¶25}  In his first pro se assignment of error, Lockhart contends that the trial court erred as a matter of law, and abused its discretion for two reasons. First, Lockhart claims that "[t]he trial court failed to state that the prison terms on Counts One, Four, and Eight, shall be served concurrently to each other as statutory required by law leaving a sentence ambiguous by the court, or causing the Appellant's sentence to be merely interlocutory * * *." He further asserts that this alleged deficiency violates Crim.R. 32(C) and Ohio's prohibition against group sentencing, thus rendering his sentence void. However, a review of the trial court's sentencing entry shows that the trial court imposed separate sentences for Counts One, Four, and Eight. Furthermore, the sentencing entry states that the sentences are to be served concurrently. Accordingly, there is no arguable merit to this sub-argument.

{¶26}  Next, Lockhart contends that the trial court erred because it failed to notify him that he would be subject to mandatory post-release control upon his release from prison. This argument, while at odds with the argument raised by counsel in counsel's second assignment of error, is also without merit. As discussed above, the sentencing entry clearly imposes a mandatory five years of post-release control. Moreover, a review of the combined plea hearing and sentencing hearing transcript reveals that the trial court informed Lockhart of post-release

control. Accordingly, this sub-argument is also without arguable merit, and Lockhart's first pro se assignment of error is overruled.

## 2. Hanging Charges

{¶27}  In his second pro se assignment of error, Lockhart contends that the trial court erred as a matter of law, and abused its discretion, by failing "to properly dispose of Counts Three, Five, Six, and Seven of the indictment, leaving these counts as ambiguous" and rendering the trial court's sentencing entry non-final.

{¶28}  Again, Lockhart's argument is meritless. It is true that "unless the charges that do not result in conviction have been terminated by a journal entry, the hanging charges prevent the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action by resolving the entire case." *State v. Ellison*, 2017-Ohio-284, --N.E.3d--, ¶ 22 (4th Dist.). However, in the case sub judice, the very last sentence of the trial court's sentencing entry states as follows: "The Court otherwise ORDERS that the remaining counts of the indictment are dismissed." Thus, the properly dismissed charges were not hanging charges; and the sentencing entry does constitute a final appealable order. *Id*. at ¶ 23. Accordingly, we overrule Lockhart's second pro se assignment of error.

## IV. Conclusion

{¶29}  Having overruled Lockhart's pro se assignments of error, as well as the assignments of error raised by Lockhart's appointed counsel, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and McFarland, J.: Concur in Judgment and Opinion.

For the Court

By: _____
        Marie Hoover, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**