[Cite as *State v. Young*, 2019-Ohio-134.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                             :        APPEAL NO. C-170628
                                                    TRIAL NO. B-0701436
    Plaintiff-Appellee,                :

  vs.                                      :        *O P I N I O N.*

AARON E. YOUNG,                            :

    Defendant-Appellant.               :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  January 18, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Aaron E. Young,* pro se.

Per Curiam.

{¶1} Defendant-appellant Aaron E. Young presents on appeal a single assignment of error, challenging the Hamilton County Common Pleas Court's judgment dismissing his 2017 "Motion to Correct a Void Sentence." Upon our determination that the court had no jurisdiction to entertain the motion, we affirm the court's judgment.

{¶2} Young was convicted in 2010 upon guilty pleas to multiple counts of aggravated robbery and victim/witness intimidation. He unsuccessfully challenged his convictions on direct appeal, in an untimely motion to withdraw his guilty pleas, and in a timely petition under R.C. 2953.21 for postconviction relief. *See State v. Young,* 1st Dist. Hamilton No. C-100065 (Nov. 17, 2010), *appeal not accepted,* 134 Ohio St.3d 1486, 2013-Ohio-902, 984 N.E.2d 29 (affirming his convictions on direct appeal); *State v. Young,* 1st Dist. Hamilton No. C-140236, 2015-Ohio-774, *appeals not accepted,* 143 Ohio St.3d 1406, 2015-Ohio-2747, 34 N.E.3d 134 (affirming the denial of postconviction relief).

{¶3} In his 2017 "Motion to Correct a Void Sentence," Young sought "correct[ion]" of the sentence imposed for the firearm specification accompanying the charge of aggravated robbery in count 17 of the indictment. He argued that the trial court had lacked the authority to impose an additional one-year term of actual incarceration for the firearm specification, because for purposes of proving the specification, "a BB gun is not a firearm."

*No Jurisdiction to Entertain Motion under Postconviction Statutes*

{¶4} Young did not designate in his motion a statute or rule under which the common pleas court may have afforded the relief sought. The court was thus left to

"recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶5} A common pleas court may grant relief from a conviction under R.C. 2953.21 et seq., the postconviction statutes, upon proof of a constitutional violation during the proceedings resulting in the conviction. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). A conviction based on legally insufficient evidence violates the guarantee, secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Accord State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997); *State v. Campbell*, 1st Dist. Hamilton No. C-950746, 1997 WL 5182, *3 (Jan. 8, 1997). Thus, Young's challenge in his postconviction motion, to the legal sufficiency of the evidence of his guilt of count 17's firearm specification, may fairly be read to seek relief based on an alleged constitutional violation during the proceedings resulting in the imposition of an additional one-year term of actual incarceration for count 17's firearm specification. The motion was, therefore, reviewable by the common pleas court under the standards provided by the postconviction statutes.

{¶6} But Young filed his postconviction motion well after the time prescribed by R.C. 2953.21(A)(2) had expired. And he failed to satisfy the R.C. 2953.23 jurisdictional requirements for filing a late postconviction petition, when he did not

show either that he had been unavoidably prevented from discovering the facts upon which his postconviction claim depended, or that his claim was predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing the claim had expired. Consequently, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain the motion. *See* R.C. 2953.23(A)(1)(a).

*No Jurisdiction to Correct Sentence as Void*

{¶7} A court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And a judgment of conviction is void to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16. *See also Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 14-15 (noting the "traditional[]" rule that, except with certain sentencing errors, a judgment is not void unless "a court acts without subject-matter jurisdiction").

{¶8} We note that count 17 of the indictment charged Young with possessing "a BB gun" in committing or attempting to commit the offense of aggravated robbery, but the count's firearm specification charged him with possessing "a firearm" while committing the offense. Thus, the one-year additional prison term imposed for count 17's firearm specification was not, as Young insisted, based on a guilty plea to possessing a BB gun, but upon his guilty plea to possessing "a firearm" while committing the offense charged.

{¶9}    Moreover, with his guilty plea to count 17's firearm specification, Young waived the challenge presented in his 2017 motion to the sufficiency of the evidence to prove the specification.  A counseled knowing, voluntary, and intelligent guilty plea waives any "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992); *State v. Morgan,* 1st Dist. Hamilton No. C-080011, 2009-Ohio-1370, ¶ 25.  The plea constitutes a complete admission of guilt and removes any issues of factual guilt from the case.  *See* Crim.R. 11(B)(1); *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus; *State v. Montenegro*, 1st Dist. Hamilton No. C-010160, 2001 WL 1635608 (Dec. 21, 2001).

{¶10} Young's guilty plea to count 17's firearm specification was counseled. His direct appeal was submitted consistent with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and in affirming his convictions in the direct appeal, we necessarily concluded that Young had entered his guilty pleas knowingly, voluntarily, and intelligently.  Young challenged the knowing, voluntary, and intelligent nature of his guilty pleas in his 2010 motion to withdraw those pleas and in his 2010 postconviction petition, but he took no appeal from the overruling of his motion to withdraw, and we affirmed on appeal the denial of his postconviction petition.  In the 2017 postconviction motion from which this appeal derives, Young did not challenge the knowing, voluntary, or intelligent nature of his guilty pleas.  And the record before us does not compel a contrary conclusion.  Consequently, Young's counseled guilty plea to count 17's firearm specification cannot be said to have been other than knowing, voluntary, and intelligent.

{¶11}  With his counseled knowing, voluntary, and intelligent guilty plea to count 17's specification, Young waived the challenge presented in his 2017 motion to the legal sufficiency of the evidence on the specification. *See Wilson* at paragraph one of the syllabus; *Montenegro*.  Because a guilty plea waives a sufficiency challenge, any deficiency in the evidence that might have been offered to prove the specification at trial, even if demonstrated, could not be said to have rendered his sentence on the specification void.  That sentence was, therefore, not subject to correction under the common pleas court's jurisdiction to correct a void sentence.

*We Affirm*

{¶12}  The common pleas court properly dismissed Young's "Motion to Correct a Void Sentence," because the court had no jurisdiction to entertain the motion. Accordingly, we overrule the assignment of error and affirm the court's judgment.

Judgment affirmed.

ZAYAS, P.J., MYERS and MILLER, JJ.


Please note:

The court has recorded its own entry on the date of the release of this opinion.