[Cite as *Billeter v. State*, 2013-Ohio-3698.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DONALD BILLETER III

      Plaintiff-Appellant

-vs-

STATE OF OHIO

      Defendant-Appellee

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2013CA00083

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 12CV03766 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 26, 2013 |

APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| TERRY H. GILBERT | JOHN D. FERRERO |
| FRIEDMAN & GILBERT | PROSECUTING ATTORNEY |
| 55 Public Square | MICHAEL S. BICKIS |
| Suite 1055 | ASSISTANT PROSECUTOR |
| Cleveland, Ohio  44735-1901 | 110 Central Plaza South, Suite 510 |
| | Canton, Ohio  44702 |

*Wise, P. J.*

{¶1}    Appellant Donald Billeter III, aka Donald Billiter III, appeals the decision of the Court of Common Pleas, Stark County, which dismissed his civil claim for wrongful imprisonment. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}    In December 1998, in case number 1998CR0651, appellant entered a plea of guilty to one count each of aggravated burglary (a first-degree felony) and domestic violence (a fifth-degree felony) in the Stark County Court of Common Pleas.[1] Appellant was thereupon convicted and sentenced to an aggregate prison term of three years. The trial court's sentencing entry imposed a term of post-release control of "up to a maximum of three (3) years," which was incorrect under R.C. 2967.28(B).

{¶3}    Appellant did not appeal the aforesaid conviction and sentence. He was released from prison in May 2001.

{¶4}    On April 9, 2004, within the three-year period of his ordered post-release control, appellant was indicted under case number 2004CR0452 by the Stark County Grand Jury on one count of escape from post-release control detention. On April 26, 2004, appellant entered a plea of guilty to the offense of escape. On June 3, 2004, the trial court sentenced appellant to a community control sanction on the escape conviction. Appellant again did not appeal.

{¶5}    Subsequently, appellant violated the terms and conditions of his community control sanction, resulting in the revocation of his probation by the trial

---

[1]   Because the case appealed is from a separate civil action, we will recite a summary of appellant's pertinent criminal cases based on the briefs and a review of prior appellate decisions.

court. The trial court then sentenced appellant to a six-year prison term. Appellant did not appeal the revocation or the imposition of the prison sentence.

{¶6} On July 21, 2008, appellant filed a pro se motion to suspend further execution of sentence. However, the trial court overruled the motion.

{¶7} Appellant filed an appeal of the trial court's judgment entry overruling his motion to suspend execution to this Court. Appellant argued the trial court should have vacated the escape conviction as he was not validly on post-release control. We rejected the argument and affirmed the judgment of the trial court. Appellant did not seek reconsideration or appeal our decision to the Ohio Supreme Court.

{¶8} In March 2010, appellant filed a motion to withdraw his guilty plea in case number 2004CR0452 on the ground that his conviction for the offense of escape was a nullity. The trial court overruled the motion based, in part, on res judicata.

{¶9} Appellant then appealed to this Court. On May 9, 2011, we affirmed the trial court's decision to deny the motion to withdraw guilty plea. *See State v. Billiter*, Stark App.No. 2010CA00292, 2011-Ohio-2230.

{¶10} Appellant then appealed to the Ohio Supreme Court. On November 7, 2012, the Court reversed our decision, ruling as follows: "When a criminal defendant is improperly sentenced to postrelease control, res judicata does not bar the defendant from collaterally attacking his conviction for escape due to an earlier postrelease-control sentencing error." *State v. Billiter*, 134 Ohio St.3d 103, 980 N.E.2d 960, 2012-Ohio-5144, at the syllabus.

{¶11} On December 14, 2012, in accordance with the Ohio Supreme Court's decision, the trial court vacated appellant's conviction and community control violation in case number 2004CR0452.

{¶12} In the meantime, on December 5, 2012, appellant filed a civil complaint for wrongful imprisonment in the Stark County Court of Common Pleas under case number 2012CV03766.

{¶13} On December 11, 2012, the State filed a motion to dismiss under Civ.R. 12(B)(6). On March 12, 2013, the State filed a motion for judgment on the pleadings. On March 26, 2013, appellant filed a memorandum in opposition. The State filed a reply the next day.

{¶14} On April 3, 2013, the trial court issued a judgment entry granting the State's motion for judgment on the pleadings.

{¶15} On April 30, 2013, appellant filed a notice of appeal in case number 2012CV03766. He herein raises the following two Assignments of Error:

{¶16} "I. THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE PLEADINGS FOR THE DEFENDANT-APPELLEE BECAUSE THE TRIAL COURT'S SENTENCING OF PLAINTIFF-APPELLANT WAS VOID AB INITIO AND THE TRIAL COURT HAD NO JURISDICTION TO ACT; THUS A VOID PLEA[,] CONVICTION, AND SENTENCE CANNOT CONSTITUTE A BAR TO RECOVERY UNDER O.R.C. 2743.48(A)(2).

{¶17} "II. THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE PLEADINGS FOR THE DEFENDANT-APPELLEE BECAUSE THE TRIAL COURT

VACATED PLAINTIFF-APPELLANT'S ESCAPE CONVICTION, THUS SATISFYING O.R.C. 2743.48(A)(4)."

I.

**{¶18}** In his First Assignment of Error, appellant contends the trial court erred in granting judgment on the pleadings in favor of the State of Ohio regarding appellant's wrongful imprisonment complaint. We disagree.

**{¶19}** "The wrongful-imprisonment statute, R.C. 2743.48, was added to the Revised Code in 1986 by Sub.H.B. No. 609 'to authorize civil actions against the state, for specified monetary amounts, in the Court of Claims by certain wrongfully imprisoned individuals.' " *State v. Doss*, 135 Ohio St.3d 211, 985 N.E.2d 1229, 2012-Ohio-5678, ¶10, citing 141 Ohio Laws, Part III, 5351. "All wrongful-imprisonment claimants must follow a two-step process. In the first step, the claimant must bring an action in the court of common pleas to secure a determination that he or she is a wrongfully imprisoned individual entitled to compensation. In the second step, the claimant must file a civil action against the state, in the Court of Claims, to recover a sum of money." *Griffith v. Cleveland,* 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, paragraph two of the syllabus.

**{¶20}** R.C. 2743.48(A)(2) mandates that among the five required elements constituting the definition of a "wrongfully imprisoned individual" is the following:

**{¶21}** "The individual was found guilty of, *but did not plead guilty to,* the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony." (Emphasis added.)

**{¶22}** Recently, in *Dunbar v. State*, --- N.E.2d ----, 2013-Ohio-2163, the Ohio Supreme Court specifically held: "One who has been convicted of a felony on a plea of guilty that is subsequently vacated on appeal is not eligible to be declared a wrongfully imprisoned individual in order to pursue damages against the state of Ohio in the Court of Claims." *Id.*, at the syllabus.

**{¶23}** In the case sub judice, it is undisputed that appellant did in fact plead guilty to one count of escape. However, appellant seeks to distinguish his case from the situation in *Dunbar*. He notes that in *Dunbar*, the Eighth District Court of Appeals had originally concluded that the trial court had erred by failing to advise Mr. Dunbar of the possibility of deviation from the recommended sentence of community control and by not giving him the opportunity to withdraw his guilty plea when the trial court decided to impose a prison sentence. The court of appeals then remanded and instructed the trial court to vacate Mr. Dunbar's plea. See *Dunbar* at ¶3. Appellant in contrast urges that in his case his plea to the offense of escaping post-release control was vacated because the trial court, having improperly advised him of post-release control in 1998, had no authority to convict and sentence him for escape. Appellant thus essentially maintains that since his guilty plea flowed from a flawed post-conviction release notification, his subsequent sentence for escape was void and his plea to the escape charge was a nullity, thus effectively putting him in the position of never having made the guilty plea at all.

**{¶24}** However, we are unpersuaded that appellant's plea withdrawal causes his case to fall outside the scope of *Dunbar's* holding. The Ohio Supreme Court's language therein is clear: "The General Assembly created the claim for wrongful

imprisonment and placed limitations upon the categories of persons who are eligible for compensation. One limitation is that the claimant cannot have pled guilty to the offense. *** [T]he General Assembly did not provide an exception for guilty pleas that are later vacated." *Dunbar* at ¶20.

**{¶25}** Accordingly, the trial court did not err in finding appellant failed to meet the definition of a "wrongly imprisoned individual" under R.C. 2743.48(A).

**{¶26}** Appellant's First Assignment of Error is overruled.

## II.

**{¶27}** In his Second Assignment of Error, appellant contends on alternative grounds the trial court erred in granting judgment on the pleadings in favor of the State of Ohio regarding appellant's complaint.

**{¶28}** In the case sub judice, the trial court also granted judgment on the pleadings in favor of the State of Ohio based on appellant's failure to satisfy R.C. 2743.48(A)(4), which mandates another of the five elements constituting the definition of a "wrongfully imprisoned individual" as follows:

**{¶29}** "The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction."

**{¶30}** It appears the trial court determined that R.C. 2743.48(A)(4) had not been satisfied in this matter on the theory that "if there is no guilty plea, there also can be no

finding of guilt to later vacate, dismiss, or reverse on appeal." Judgment Entry, April 3, 2013, at 1-2.

{¶31} However, an appellate court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case. *State v. Bistricky* (1990), 66 Ohio App.3d 395, 397.

{¶32} Per the statute's own language, each of the five elements of R.C. 2743.48(A) must be satisfied in order for a person to be classified as a "wrongfully imprisoned individual." Based on our above determination regarding appellant's First Assignment of Error, we find the issue raised in the Second Assignment of Error is moot.

{¶33} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY

_____

HON. CRAIG R. BALDWIN

JWW/d 0808

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DONALD BILLETER III                     :
                                        :
    Plaintiff-Appellant              :
                                        :
-vs-                                    :              JUDGMENT ENTRY
                                        :
STATE OF OHIO                           :
                                        :
    Defendant-Appellee               :              Case No. 2013CA00083


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.


        _____
        HON. JOHN W. WISE


        _____
        HON. PATRICIA A. DELANEY


        _____
        HON. CRAIG R. BALDWIN