[Cite as *Yambrisak v. State*, 2017-Ohio-7310.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| BYRON E. YAMBRISAK | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| -vs- | : | |
| | : | Case No. 17CA8 |
| STATE OF OHIO | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Court of
                             Common Pleas, Case No.
                             2015-CV-0701

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 21, 2017

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

JACQUELINE GREENE                      MICHAEL DEWINE
TERRY GILBERT                          Ohio Attorney General
55 Public Square, Suite 1055
Cleveland, Ohio 44113                  DEBRA GORRELL WEHRLE
                                       Assistant Attorney General
                                       150 East Gay Street, 16th Floor
                                       Columbus, Ohio 43215

*Hoffman, J.,*

**{¶1}** Plaintiff-appellant Byron E. Yambrisak appeals both the January 5, 2017 Decision and the February 21, 2017 Judgment Entry entered by the Richland County Court of Common Pleas denying his request for declaration of wrongful imprisonment, pursuant to R.C. 2743.48(A). Defendant-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On May 10, 2011, Appellant was indicted on one count of retaliation, in violation of R.C. 2921.05(A); and one count of intimidation, in violation of R.C. 2921.03. A jury found Appellant guilty on both counts. The trial court sentenced Appellant to three years on the retaliation charge, and three years on the intimidation charge.

**{¶3}** Appellant filed a direct appeal of his convictions to this Court in *State v. Yambrisak,* Richland No. 2012 CA 50, 2013-Ohio-1406. Via Opinion and Judgment Entry entered April 5, 2013, this Court reversed Appellant's convictions on both counts, remanding the matter to the trial court with instructions to enter acquittal on both counts. Id. Appellant served ten months in prison before his release on April 17, 2013.

**{¶4}** In *State v. Yambrisak*, 2013-Ohio-1406, this Court held,

> In the late morning of July 15, 2011, Detective Pat Smith of the
> Richland County Sherriff's Department was called to MedCentral Hospital
> to investigate a child victim of rape. Detective Smith was in plain clothes
> and driving an unmarked vehicle; however she did have her service revolver

---

[1] A rendition of the underlying facts is set forth below in our discussion of and citation to this Court's opinion in *State v. Yambrisak,* Richland App. No. 2012 CA 50, 2013-Ohio-1406

holstered on her right hip. She left the hospital a few minutes before 1:00 p.m. Detective Smith testified that she had parked her unmarked vehicle in the parking lot located on Glessner Avenue, across from the hospital. As she prepared to cross the street at the pedestrian crosswalk, a small green vehicle sped through the crosswalk.

Detective Smith crossed at the crosswalk towards the parking lot. As she approached her vehicle, Detective Smith was hailed by an old acquaintance, Vernessa Bond, who happened to be parked near Detective Smith's vehicle. The two engaged in a casual conversation. While the two conversed, the little green vehicle drove by again. The male passenger began yelling racial slurs towards Detective Smith and Ms. Bond, both of whom are African–American. The verbal tirade included phrases such as "I hate you, you fucking nigger. You black bitch, I'm going to fuck you up."

The vehicle proceeded on towards Glessner Avenue as the two women continued their conversation. The vehicle returned and stopped on Lind Avenue, close to where the women were parked. The occupant began yelling racial slurs again this time including, "Do you like talking to young girls about sex? Do you like talking to prostitutes about sex? I hate you, you fucking nigger, I'm going to fuck you up." Detective Smith took two steps towards the vehicle to see if she could identify the occupant. Detective Smith then testified that she yelled, "I know who you are, Byron Yambrisak, you need to be on your way." The vehicle immediately sped away. Detective

Smith immediately called dispatch on her cell phone to report the incident, prior to returning to her vehicle.

*** 

Both intimidation and retaliation require that the state prove beyond a reasonable doubt an "unlawful threat of harm." The Supreme Court of Ohio suggested that, to be unlawful, the threat itself must violate a predicate offense. *State v. Cress,* 112 Ohio St.3d 72, 858 N.E.2d 341, 2006–Ohio–6501, ¶ 43.(Construing the "unlawful threat of harm" element of R.C. 2912.04(B), attempt to intimidate victim, witness or attorney for being a witness) The court held "that the statutory language in R.C. 2921.04(B), proscribing intimidation by an 'unlawful threat of harm,' is satisfied only when the very making of the threat is itself unlawful because it violates established criminal or civil law." *Id.* at ¶ 42, 858 N.E.2d 341. The court held that the threat itself, not the threatened conduct, must be unlawful. *Id.* at ¶ 38, 858 N.E.2d 341. As the "threat of harm" language of R.C. 2921.03 is identical to the language construed by the Court in *Kress [SIC],* we find the Supreme Court's analysis to be persuasive in a case involving intimidation under R.C. 2921.03(A).

In this case, the only evidence of an alleged unlawful threat of harm are the following statements,

I hate you, you fucking nigger. You black bitch, I'm going to fuck you up.

* * *

Do you like talking to young girls about sex? Do you like talking to prostitutes about sex? I hate you, you fucking nigger. I'm going to fuck you up.

1T. at 145–146. Yambrisak does not deny that he made these statements or that he directed the statements to Detective Smith.

\*\*\*

We find based upon all the surrounding circumstances, Yambrisak's words were too unequivocal, unconditional, not immediate and not specific enough to convey to Detective Smith that he was retaliating for her involvement with him two years earlier.

We find there was insufficient evidence in the record that Yambrisak purposefully or unlawfully threatened Detective Smith in retaliation for her involvement with his 1999 criminal matter.

Likewise, we find insufficient evidence in the record to find that Yambrisak attempted to influence, intimidate, or hinder Deputy Smith in the discharge of her duty. Nothing Yambrisak did or said on July 15, 2011 was in any way related to or hindered Detective Smith in the discharge of her duties. Her duties in the 2009 case against him were completed and no charges were ever prosecuted. Yambrisak's words were too unequivocal, unconditional, not immediate and not specific enough to convey to Detective Smith that Yambrisak was attempting to influence, intimidate, or hinder Deputy Smith in the discharge of her duties.

We find there was insufficient evidence in the record to find that Yambrisak knowingly by unlawful threat of harm was attempting to influence, intimidate, or hinder Detective Smith in the discharge of her duties.

*Yambrisak*, supra.

**{¶5}** On May 15, 2015, Appellant filed a complaint for declaration of wrongful imprisonment, pursuant to R.C. 2743.48(A). On July 6, 2015, the State filed a motion to dismiss the complaint due to the trial court's lack of personal jurisdiction, and on July 27, 2015, the State filed an answer to the complaint.[2] The parties filed separate motions for summary judgment. On June 6, 2016, the trial court denied both motions for summary judgment, finding a material issue of fact remained as to whether Appellant was "engaging in any other criminal conduct during the incident giving rise to the original indictment."

**{¶6}** The matter proceeded to civil hearing/bench trial on September 23, 2016. The trial court considered the transcripts of the original trial and the evidentiary hearing of September 23, 2016.

**{¶7}** Via Decision of January 5, 2017 and Judgment Entry of February 21, 2017, the trial court denied Appellant's request for declaration of wrongful imprisonment finding Appellant failed to prove he was not involved in any other criminal conduct on July 15, 2011.

---

[2] The State withdrew the motion to dismiss for lack of personal jurisdiction prior to filing the answer.

{¶8}    Appellant appeals assigning as error:

I. THE TRIAL COURT ERRED IN FINDING FOR THE STATE AND AGAINST PLAINTIFF FOR HIS CLAIM SEEKING A DECLARATION OF WRONGFUL IMPRISONMENT PURSUANT TO R.C. 2743.48 BECAUSE AS A MATTER OF LAW PLAINTIFF MET HIS BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE IN ESTABLISHING R.C. 2743.48(A)(4).

{¶9}    The burden is on a claimant to prove by a preponderance of the evidence he or she meets the definition of a "wrongfully imprisoned individual." *Doss v. State,* 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, at paragraph one of the syllabus. To meet that definition, the claimant must satisfy each of the requirements set forth in the statute,

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved,

and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶10} In *Bundy v. State,* 143 Ohio St.3d 237, 2015-Ohio-2138, the Ohio Supreme Court held,

In our earliest review of the statute, we were called upon to determine whether a judgment of acquittal was sufficient by itself to establish actual

innocence. *Walden,* (47 Ohio St.3d 47, 47 547 N.E.2d 962.) We rejected the notion, explaining that an acquittal merely establishes the state's failure to meet its burden of proving one or more elements of the offense charged beyond a reasonable doubt. It does not necessarily establish that the charged offense was not committed or that the defendant was innocent. *Id.* at 51–52, 547 N.E.2d 962.

More recently, this court rejected an attempt to extend the actual-innocence standard to include the reversal of a conviction due to a lack of legally sufficient evidence. [*State v. Doss*, 135 Ohio St.3d 211, 985 N.E.2d. 1229, 2012-Ohio-5678.] In the context of a wrongful-imprisonment action, we found no difference between an acquittal by a fact finder and the reversal of a conviction for insufficient evidence: both are based "on a dearth of evidence of guilt," not on a showing of actual innocence. *Id.* at ¶ 20. We concluded that neither of these two outcomes relieves a claimant of the burden of affirmatively proving that he did not commit the charged offense or any lesser included offenses. *Id.*

**{¶11}** In *Doss v. State*, 135 Ohio St.3d 211, 985 N.E.2d 1229, 2012-Ohio-5678, the Ohio Supreme Court held,

In construing a former version of R.C. 2743.48(A), we held that when a person claiming compensation for wrongful imprisonment has obtained a judgment of acquittal, that judgment is not to be given preclusive effect,

because an acquittal is a determination that the state has not met its burden of proof. It is not necessarily a finding that the accused is innocent. For this reason, a claimant advancing a wrongful-imprisonment claim "must affirmatively prove her innocence by a preponderance of the evidence." *Id.* at 52, 547 N.E.2d 962.

When a court vacates or reverses a criminal conviction based on insufficiency of the evidence, the court is saying that the state has not proven the elements of the offense beyond a reasonable doubt; it is not saying that innocence has been proven. Thus, reversal on insufficiency of the evidence does not automatically mean that the defendant was wrongfully imprisoned. *Chandler v. State,* 95 Ohio App.3d 142, 641 N.E.2d 1382 (8th Dist.1994). If the legislature had intended to compensate all persons whose convictions are reversed based on insufficient evidence, it could have explicitly stated this in R.C. 2743.48. *See Ratcliff v. State,* 94 Ohio App.3d 179, 182, 640 N.E.2d 560 (4th Dist.1994).

&ast;&ast;&ast;

To show actual innocence under the wrongful-imprisonment statute, Doss must prove that "the charged offense, including all lesser-included offenses, either was not committed by [him] or was not committed by any person." R.C. 2743.48(A)(5). This court has emphasized that this standard is not satisfied by an acquittal or a finding of legal insufficiency of the evidence. *Walden,* 47 Ohio St.3d at 52, 547 N.E.2d 962. The General Assembly requires a showing of innocence to be made affirmatively and

adjudicated de novo before a claimant can be found to be eligible for compensation in a wrongful-imprisonment action.

**{¶12}** It is undisputed there are no lesser included offenses to the charges of retaliation or intimidation.[3] Appellant has met his burden of demonstrating he did not commit the offenses of retaliation or intimidation or any lesser included offenses. This Court reversed his convictions with instructions to enter judgments of acquittal as to the charges. Appellant did not make an unlawful threat of harm to Detective Smith, immediately and specifically sufficient to convey retaliation or intimidation or to hinder Detective Smith in the discharge of her duties. We find Appellant has met prong five of the statute for wrongful imprisonment. However, Appellant has not demonstrated the State cannot or will not bring additional charges as a result of the conduct, pursuant to prong four of the wrongful imprisonment statute, R.C. 2743.48.

**{¶13}** In *Gover v. State*, 67 Ohio St.3d 93, 616 N.E.2d 207 (1993), the Ohio Supreme Court held,

> The requirement that "no criminal proceeding * * * can be brought * * * against the individual for any act associated with that conviction" is of critical importance. This statutory language is intended to filter out those claimants who have had their convictions reversed, but were committing a

---

[3] To the extent it might be argued Appellant committed the offense of aggravated menacing, we note the statute of limitations to file said charge is long past. This is not to say we are convinced the Ohio Supreme Court's mention in *C.K.* there is no statute of limitations for murder necessarily means the mere expiration of any applicable statute of limitations would mandate a finding of wrongful imprisonment.

different offense at the time that they were engaging in the activity for which they were initially charged. When the General Assembly enacted Ohio's wrongful imprisonment legislation, it "intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability." *Walden v. State* (1989), 47 Ohio St.3d 47, 52, 547 N.E.2d 962, 967.

Thus, claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged. The claimant must prove this element of the claim by a preponderance of the evidence, as required by *Walden v. State, supra.*

**{¶14}** In *Beckwith v. State*, Eighth Dist. No.101695, 2015-Ohio-1030, the Eighth District held,

We agree with the sound reasoning of the second and tenth appellate districts. The unambiguous, plain meaning of "no criminal proceeding can be brought, or will be brought by any prosecuting attorney" is clear. If the state *can no longer* bring charges against an offender, for whatever reason, the offender meets the requirements of R.C. 2743.48(A)(4). It does not matter if the state *could* have brought these charges against the offender when it initially charged him or her.

As this court recently stated in *C.K. v. State,* 8th Dist. Cuyahoga No. 100193,

[W]e do not read the word "can" as denoting "mere possibility," as the trial court seemed to believe. Theoretically, the prosecutor can always bring a charge, whether in good faith or not, even where the criminal charge may be outside of the statutory time, in violation of a defendant's speedy trial right, or barred by double jeopardy. Therefore, interpreting the word "can" in its literal sense renders the phrase at issue virtually meaningless.

Rather, we agree with the Tenth District's interpretation of the phrase in a recent wrongful imprisonment case, where the court stated "[t]he use of the phrase 'no criminal proceedings * * * can * * * or will be brought' was clearly intended by the General Assembly to bar recovery to a claimant against whom *criminal proceedings are still factually supportable and legally permissible* following reversal." (Emphasis in original.) *LeFever v. State,* 10th Dist. Franklin No. 12AP–1034, 2013-Ohio-4606 [2013 WL 5675462], ¶ 26, [*discretionary appeal not allowed* by *LeFever v. State,* 138 Ohio St.3d 1493, 2014-Ohio-2021, 8 N.E.3d 963].

{¶15} The Supreme Court held in *C.K. v. State*, 145 Ohio St.3d 322, 49 N.E.3d 1218, 2015-Ohio-3421,

Here, the court of appeals assumed that no criminal proceeding can or will be brought against C.K. based on the fact that the state had no new

evidence of guilt and no active investigation of the crime. However, because there is no statute of limitations for murder, the state has authority to bring a criminal proceeding against C.K. at some future time. The decision to defer prosecution pending the discovery of stronger evidence of guilt is insufficient to establish that no criminal proceeding can be brought or will be brought against C.K. for any act associated with Coleman's murder. Therefore, as a matter of law, C.K. cannot establish the requirement of R.C. 2743.48(A)(4).

**{¶16}** The State maintains the trial court did not err in denying the claim for wrongful imprisonment as a criminal proceeding can be or will be brought against Appellant for the acts giving rise to the prior convictions.

**{¶17}** Initially, we note, because the trier-of-fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. At the underlying criminal trial, Detective Pat Smith testified she came out of MedCentral Hospital after speaking with a SANE nurse regarding a sexual assault wearing plain clothes, and spoke with an acquaintance. During the conversation, Appellant drove past, yelling racial slurs, stating, "I hate you, you fucking nigger. You black bitch, I'm going to fuck you up." Tr. at 145. Both Detective Smith and her acquaintance are African-American.

**{¶18}** Appellant then drove back around, yelling the racial slurs again. Tr. at 146. He yelled, "Do you like talking to prostitutes about sex? I hate you, you fucking nigger.

I'm going to fuck you up," and kept repeating the same. Detective Smith stated her acquaintance became paranoid, and Smith was fearful for the safety of herself and her friend. Smith believed Appellant meant to cause her physical harm, or some type of injury. Tr. at 152.

**{¶19}** On direct appeal, this Court found Appellant's verbal tirade toward Detective Smith included his stating, "I hate you, you fucking nigger. You black bitch. I'm going to fuck you up."[4] *Yambrisak*, 2013-Ohio-1406.

**{¶20}** The trial court denied Appellant's claim for wrongful imprisonment finding Appellant can be or will be charged criminally for the acts associated with his conviction. Specifically, the trial court found Appellant can be or will be charged with ethnic intimidation for his conduct toward Detective Smith, in violation of R.C. 2927.12.

**{¶21}** Ethnic intimidation is a fifth degree felony with a six year statute of limitations. Therefore, the statute of limitations had not yet run as of the date of the trial court's decision. It is not the role of this court to weigh the evidence with regard to the charge or to make a legal conclusion as to the likelihood of a conviction based upon the facts presented; rather, we find the underlying facts support a colorable charge of ethnic intimidation. Therefore, the trial court did not err in denying Appellant's claim for wrongful imprisonment.

**{¶22}** The sole assignment of error is overruled.

---

[4] At the hearing in this matter, Appellant admitted to directing racial slurs towards Detective Smith, attributing the statements to Detective Smith's past confrontation with his mother.

{¶23} The decision of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Wise, Earle, J. concur