[Cite as *Conley v. State*, 2017-Ohio-8445.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOSEPH CONLEY | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 17-CA-7 |
| | : | |
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Case No. 16 CV 01051

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      November 2, 2017

APPEARANCES:

For Plaintiff-Appellant:

C. JOSEPH McCOY
57 East Main St.
Newark, OH 43055

For Defendant-Appellee:

MICHAEL DEWINE
OHIO ATTORNEY GENERAL
INA AVALON
150 East Gay St., 16th Floor
Columbus, OH 43215

*Delaney, P.J.*

{¶1} Plaintiff-appellant Joseph Conley appeals from the January 12, 2017 Judgment Entry of the Licking County Court of Common Pleas granting the motion to dismiss of defendant-appellee, the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On October 31, 2016, appellant filed a "Civil Action to be declared a Wrongfully Imprisoned Individual under Ohio Revised Code 2743.48." The following facts are adduced from appellant's complaint.

{¶3} On November 19, 2007, appellant was adjudicated delinquent on two counts of gross sexual imposition and one count of escape for offenses alleged to have occurred between August 1, 2006 and July 17, 2007. At that time, Ohio's version of Megan's Law was in effect. In 2007, Megan's Law was repealed and replaced with Ohio's version of the Adam Walsh Act [2007 Am.Sub.S.B.No. 10].

{¶4} On January 11, 2008, appellant was classified as a Tier II juvenile offender registrant in accord with the Adam Walsh Act.

{¶5} On November 13, 2010, appellant was released from parole upon his successful completion of disposition imposed by the juvenile court.

{¶6} On May 13, 2011, appellant, now an adult, was charged by indictment with one count of failing to provide notice of change of address pursuant to R.C. 2950.05(F)(1) [Count I] and one count of failing to register a new address pursuant to R.C. 2950.05(F)(2) [Count II]. Both offenses were felonies of the third degree. This case was filed in the Licking County Court of Common Pleas as Case Number 2011 CR 00241.

{¶7}  On October 11, 2011, appellant entered pleas of guilty to Counts I and II; the trial court convicted him and imposed a community-control term of 3 years.  Appellant was advised that violating the terms of community control would result in a prison term of 2 years upon Count I and 2 years upon Count II, to be served concurrently.

{¶8}  On December 27, 2012, the juvenile court re-classified appellant as a sexually-oriented offender in accord with the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 952, 2011-Ohio-3314, 952 N.E.2d 1108 [S.B. 10 cannot be constitutionally applied to a sex offender who committed a sex offense prior to January 1, 2008].

{¶9}  Appellant's community control was revoked on August 13, 2013 and appellant was ordered to serve prison terms of 2 years upon Count I and 2 years upon Count II, to be served concurrently.  Appellant served the terms and was released from prison in 2015.

{¶10} On August 31, 2015, the juvenile court adjudicated appellant's classification as a sexually-oriented offender void.

{¶11} On September 27, 2016, appellant's convictions upon Counts I and II in case number 2011 CR 00241 were vacated.

{¶12} Appellant filed his Complaint in the instant case on October 31, 2016.  On December 30, 2016, appellee filed "Defendant's Motion for Leave to File Motion to Dismiss Instanter," and appellant responded with a memorandum in opposition.  The trial court granted appellee's motion for leave.

{¶13} On January 17, 2012, the trial court granted appellee's motion to dismiss pursuant to Judgment Entry, from which appellant now appeals.

{¶14} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶15} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT STATE OF OHIO'S CIVIL RULE 12(B)(6) MOTION TO DISMISS BECAUSE PLAINTIFF JOSEPH CONLEY'S GUILTY PLEA IS VOID AND DOES NOT PREVENT MR. CONLEY FROM BEING DECLARED A WRONGFULLY IMPRISONED INDIVIDUAL UNDER REVISED CODE 2743.48(A)."

**ANALYSIS**

{¶16} In his sole assignment of error, appellant argues the trial court erred in granting appellee's motion to dismiss.  We disagree.

{¶17} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Beem v. Thorp*, 5th Dist. Licking No. 16-CA-97, 2017-Ohio-2967, ¶ 21 citing *Autumn Care Ctr., Inc. v. Todd*, 2014–Ohio–5235, 22 N.E.3d 1105, ¶ 7 (5th Dist.). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners*, 65 Ohio St.3d 545, 548, 1992–Ohio–73, 605 N.E.2d 378. "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Walker v. Toledo*, 143 Ohio St.3d 420, 2014–Ohio–5461, 39 N.E.3d 474, ¶ 4, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶18} "All wrongful-imprisonment claimants must follow a two-step process. In the first step, the claimant must bring an action in the court of common pleas to secure a

determination that he or she is a wrongfully imprisoned individual entitled to compensation. In the second step, the claimant must file a civil action against the state, in the Court of Claims, to recover a sum of money." *Billeter v. State*, 5th Dist. Stark No. 2013CA00083, 2013-Ohio-3698, ¶ 19, citing *Griffith v. Cleveland,* 128 Ohio St.3d 35, 2010–Ohio–4905, 941 N .E.2d 1157, paragraph two of the syllabus.

{¶19} The burden is on a claimant to prove by a preponderance of the evidence he or she meets the definition of a "wrongfully imprisoned individual." *Yambrisak v. State*, 5th Dist. Richland No. 17CA8, 2017-Ohio-7310, ¶ 9, citing *Doss v. State,* 135 Ohio St.3d 211, 2012–Ohio–5678, 985 N.E.2d 1229, at paragraph one of the syllabus. Appellant must therefore establish **each** of the following elements of R.C. 2743.48(A):

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, **but did not plead guilty to**, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is

pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

(Emphasis added).

{¶20} Appellee argues, and the trial court agreed, that appellant does not meet R.C. 2743.48(A)(2) because he entered pleas of guilty to the crimes he was convicted of. Appellant responds that because the convictions were later vacated as void, his guilty pleas were a legal nullity which do not bar a determination that he is a wrongfully-imprisoned individual.

{¶21} In *Billeter*, supra, we examined the application of R.C. 2743.48(A)(2) to an individual who entered a plea of guilty to escape, a conviction which was later vacated because he was improperly advised of the terms of post-release control resulting in the conviction. Id., 2013-Ohio-3698 at ¶ 18. Billeter, too, argued his guilty plea was a nullity because it "flowed from a flawed post-conviction release notification * * * * thus effectively putting him in the position of never having made the guilty plea at all." Id. at ¶ 23. We disagreed on the basis of the Ohio Supreme Court's decision in *Dunbar v. State,* 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, in which the Court held: "One who

has been convicted of a felony on a plea of guilty that is subsequently vacated on appeal is not eligible to be declared a wrongfully imprisoned individual in order to pursue damages against the state of Ohio in the Court of Claims." Id., citing *Dunbar,* 136 Ohio St.3d 181 at the syllabus.  We also noted *Dunbar'*s language at ¶ 20: "T]he General Assembly did not provide an exception for guilty pleas that are later vacated." Id.

{¶22} In the instant case, we agree with appellee that the import of *Dunbar* is not the distinction of void-versus-voidable vacated convictions that appellant attempts to draw.  Instead, the Court found R.C. 2743.48 must be applied as written and no exception exists for a vacated guilty plea.  Id. at ¶ 17-18.

{¶23} We find R.C. 2743.48(A)(2) to be clear and unambiguous.  "If a review of the statute conveys a meaning that is clear, unequivocal, and definite, the court need look no further." *State ex rel. Plain Dealer Publishing Co. v. Cleveland,* 106 Ohio St.3d 70, 2005–Ohio–3807, 831 N.E.2d 987, ¶ 38, citing *Columbus City School Dist. Bd. of Edn. v. Wilkins,* 101 Ohio St.3d 112, 2004–Ohio–296, 802 N.E.2d 637, ¶ 26. We need not resort to statutory construction when the statute is unambiguous. Id., citing *State v. Evans,* 102 Ohio St.3d 240, 2004–Ohio–2659, 809 N.E.2d 11, ¶ 14. Instead, "our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." Id., citing *BedRoc Ltd., LLC v. United States,* 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004). When a statute is unambiguous in its terms, courts must apply it rather than interpret it. Id., citing *Specialty Restaurants Corp. v. Cuyahoga Cty. Bd. of Revision,* 96 Ohio St.3d 170, 2002–Ohio–4032, 772 N.E.2d 1165, ¶ 11.

{¶24} It is not within our purview to create an exception where none exists. Whether appellant's conviction was void or voidable is irrelevant to his eligibility for determination as a wrongfully-imprisoned individual because he entered pleas of guilty.

{¶25} Despite our presumption that all factual allegations of appellant's complaint are true, and making all reasonable inferences in favor of appellant, we find appellant does not meet the definition of a wrongfully-imprisoned individual pursuant to R.C. 2743.48(A)(2), and the trial court did not err in granting appellee's motion to dismiss.

### CONCLUSION

{¶26} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Wise, John, J., concur.